UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANGELA G. MARTINEZ, as personal representative of the Estate of Yordano Ventura Hernandez, Deceased,<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | Case No. 4:19-cv-50-BCW |

## UNITED STATES' ANSWER AND COUNTERCLAIM

### Answer

Defendant, the United States of America, answers the numbered paragraphs of the second amended complaint as follows:

1.      The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.      The United States admits the allegations in paragraph 2 except that it lacks knowledge or information sufficient to form a belief as to the truth of why Ventura did not remit funds at the time he filed his 2015 federal income tax return.

3.      The United States admits the allegations in paragraph 3.

4.      The United States admits the allegations in paragraph 4.

5.      The United States admits the first four sentences of paragraph 5.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 5.

6.      The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 except that it admits that the Major League Baseball Players Association ("MLBPA") owes Yordano Ventura approximately $65,322.

7.      The United States admits the allegations in paragraph 7.

8.      The United States admits the allegations in paragraph 8 except that it denies that Plaintiff filed Exhibit A in compliance with 26 C.F.R. § 301.6343-2(b).

9.      The United States admits the allegations in the first independent clause of paragraph 9 and denies the allegations in the second independent clause of paragraph 9.

10.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10.

JURISDICTION AND VENUE

11.     The United States admits the allegations in paragraph 11.

12.     The United States admits that 28 U.S.C. § 2410 waives sovereign immunity for this quiet title action.  To the extent Plaintiff contends that § 2410 waives sovereign immunity for a wrongful levy suit under 26 U.S.C. § 7426(a), the United States denies that allegation.

13.     The United States denies the allegations in paragraph 13.

14.     The United States denies the allegations in paragraph 14 except that it admits that the IRS has offices in this district at 2345 Grand Boulevard, Suite 301, Kansas City, Missouri 64108.

CLAIM

15.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 15.

2

16.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 16.

17.     The United States denies the allegations in paragraph 17.

18.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 19.  The United States denies the allegations in the second sentence of paragraph 19.

20.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 20.

21.     The United States admits that paragraph 21 accurately paraphrases RSMO § 473.397, but the United States denies that Missouri law governs the priority of federal tax liens.

<u>PRAYER FOR RELIEF (¶¶ 22-24)</u>

With respect to Plaintiff's claims set forth in the complaint, the United States requests that the Court enter judgment:

(A)     Denying Plaintiff's request for an injunction against non-party MLBPA as outside the Court's jurisdiction on the grounds that it violates the Anti-Injunction Act (26 U.S.C. § 7421(a));

(B)     Denying Plaintiff's request for an Order requiring the United States to release its levy on the Royalty Check as outside the Court's jurisdiction on the grounds that it violates the Anti-Injunction Act; and

(C)     A Judgment that the United States' interest in the Royalty Check is superior to any interest Plaintiff may have.

## Defenses

1.      Venue is improper in this judicial district because the property at issue is not located within this district.

2.      The Court lacks jurisdiction to grant injunctive relief that violates the Anti-Injunction Act.

## Counterclaim

The United States of America, for its counterclaim against Angela G. Martinez, as personal representative of the Estate of Yordano Ventura Hernandez, Deceased, (the "Representative") alleges as follows:

1.      The Counterclaim Plaintiff is the United States.

2.      The Counterclaim Defendant is Angela G. Martinez, as personal representative of the Estate of Yordano Ventura Hernandez, Deceased.  The Representative was designated by letters of administration granted September 20, 2017, by the Probate Court in Jackson County, Missouri.  On January 29, 2018, the Probate Court revoked the independent administration and ordered the estate to proceed on a supervised basis.

3.      The United States seeks a declaration that its federal tax lien interest in a portion of the royalties held by the Major League Baseball Players Association for Ventura is superior to the Representative's interest in paying unidentified "costs and expenses of administration."

4.      This counterclaim is commenced at the request and with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General pursuant to 26 U.S.C. § 7401.

4

5.      The Court has jurisdiction over this counterclaim under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

6.      Venue for this counterclaim is proper in this district.

7.      Ventura filed his federal income tax return with the IRS for tax year 2015 and self-reported $66,463 in unpaid tax due.  Ventura failed to pay the $66,463 with his federal income tax return.

8.      On the dates below, a delegate of the Secretary of the Treasury made assessments against Ventura for income taxes, interest, and penalties for tax year 2015 as set forth in the following chart.

| Date of Assessment | Assessed Tax | Assessed Interest | Assessed Penalty |
|---|---|---|---|
| 6/6/2016 | $755,164.00 | $378.77 | $664.63 |
| 6/5/2017 | | $1,987.84 | $4,578.61 |

9.      Notices of the assessments referred to in paragraph 8 and demands for payment were given to Ventura on or about the dates the assessments were made.

10.     Despite notice and demand for payment, Ventura failed to pay over the amounts assessed against him.

11.     By reason of the assessments described in paragraph 8, the IRS's notices and demands for payment, and Ventura's failure to pay, and pursuant to 26 U.S.C. §§ 6321 and 6322, a federal tax lien for the unpaid taxes, interest, and penalties arose on the dates of the assessments.  The tax lien attached to all property and rights to property Ventura then owned or thereafter acquired.

12.     On January 22, 2017, Ventura died.

13.     On September 20, 2017, the Probate Division of the 16th Circuit appointed Angela Martinez as Personal Representative of Ventura's estate.

5

14. The Major League Baseball Players Association ("MLBPA") owes Ventura (and now his estate) approximately $65,322.

15. The federal tax lien identified in paragraph 11 of this counterclaim attached to Ventura's interest in the funds held by the MLBPA.

16. The Representative does not hold a perfected lien interest in the funds held by the MLBPA.

17. By reason of the foregoing, the United States' tax lien is superior to any claim the Representative has to the funds held by the MLBPA.

WHEREFORE, the United States requests that the Court enter judgment on this counterclaim as follows:

A. A determination that the United States' interest in the funds held by the MLBPA is superior to the Representative's interest;

B. Grant the United States its costs incurred in this action and such other and further relief as the Court deems proper.

Dated: May 22, 2019

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


 */s/ Gregory L. Mokodean*
GREGORY L. MOKODEAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
202-307-6554 (v)
202-514-6770 (f)
Gregory.L.Mokodean@usdoj.gov

6